JOHN B. MOFFETT, appellant *v.* JOHN CLEMENTS, appellee.

*Appeal from Macon.*

An averment in a bill in chancery, that the payment of a note was made on the day the same became due, is not sustained by proving that the money was paid, or tendered, at a subsequent and remote day.
The rule at law, that the evidence must substantially support the plaintiff's declaration, is applicable to bills in chancery.

THIS cause was heard in the Court below, at the September term, 1836, before the Hon. Stephen T. Logan.

A. WILLIAMS, WM. THOMAS, and WM. BROWN, for the appellant.

JOSIAH FISK, for the appellee.

Moffett *v.* Clements.

Lockwood, Justice, delivered the opinion of the Court:

This was a bill in chancery filed in the Macon Circuit Court by Moffett against Clements, to obtain the specific performance of an agreement in writing, dated 29th of April, 1834, to convey a tract of land. The bill alleges that Clements was to convey the land upon the complainant's paying to the defendant a promissory note for $100, dated April 9th, 1834, when said note became due, which was sixty days after date. The bill further alleges that the complainant fully paid and discharged the note according to its tenor and effect. The defendant in his answer, states that no portion of the purchase money has ever been paid or tendered to him. The depositions show that in the year 1832, the complainant leased to the defendant a stock farm with stock on it for eight years; that the defendant was also to furnish some stock, and manage the whole for their joint benefit; that each should share alike in the benefit of all sales of stock. That on the 29th of March, 1836, the defendant furnished an inventory of sales of stock amounting to about $1200. That complainant offered to defendant on or about the 29th of March, 1836, to credit the defendant on the account, the amount of the note executed for the purchase of the tract of land above mentioned, if defendant would convey the land, which offer the defendant refused to accept. That on the 22d of April, 1836, the defendant paid one Emerson, the attorney for complainant, the sum of $372, 24, the balance due the complainant, on the sales of stock mentioned in the inventory, and that at the time of said payment, said Emerson offered to said defendant, that he might retain the money due on the note, provided the defendant would give up the note, which offer the defendant refused to accept, and paid the whole money to Emerson. The depositions also show that the defendant once called on complainant to pay the note, and once sent to him for the money. The case was decided in the Circuit Court on the bill, answer, replication, and depositions. The Court below was of opinion that the complainant had failed to pay the defendant the sum of $100, the purchase money for the land as specified in the written agreement, according to the tenor and effect thereof, and therefore decreed that the bill be dismissed. To reverse this decree, an appeal has been taken to this Court. The only error assigned is, the general error that the decree ought to have been in favor of the complainant, and not in favor of the defendant. It was urged on the argument, on behalf of the complainant, that time in general is not of the essence of a contract to convey land, so as to prevent a specific execution of the contract. Without however deciding how far the time of payment, in this case, was of the essence of the contract, it is sufficient for this Court to say, that the bill stating that payment was made on the day the money became due, is

2G

not sustained by proving that the money was paid, or offered to be paid, at a subsequent and remote day.

In this case, however, the answer wholly denies the payment of the note, and the depositions only show an offer to credit the defendant for the money nearly two years after the note became due. This offer does not sustain the allegations in the bill. The rule at law, that the evidence must substantially support the plaintiff's declaration, is applicable to bills in chancery. As the proof wholly fails to show any payment of the note, the decision of the Circuit Court was correct. Whether the complainant may not present such a case by a proper bill, as to authorize a decree for specific performance, is a question this Court is not called on to decide.

The decree is affirmed with costs.

*Judgment affirmed.*